MgKinney, J.s
delivered the opinion of the Court.
This was an aetion on the ease, brought by Jones •against the company, to recover damages for the loss of a slave, run over by a train of ears, and killed. The plaintiff recovered judgment for $1282.
The record shows that Jones, the plaintiff, hired to the defendant, for the year 1856, two negro boys to *518 work on the railroad, at twenty-three dollars per month, for each. The contract of hiring contained the following stipulation, namely:
“And all risks incurred, or liability to accidents, whilst in said service, is compensated for and covered by the pay agreed upon; the said railroad company assuming no responsibility for damages from accident, or any cause whatever.”
The slave, it seems, was lying on the track of the road, as a freight-train of some fourteen cars approached ; whether or not he was asleep, or sick, or intoxicated, does not appear certainly, though it is most probable that he was under the influence of liquor. The engineer on the locomotive saw the boy, as he stated, at the distance of one hundred and fifty yai-ds, “but thought it was a carpet-sack, or an old bag of clothes.” The train was stopped, but not until all the cars, except one or two, had run over the body of the slave.
The proof shows that the road, for a distance of upwards of two miles from the spot where the slave lay, was straight, and a slight up-grade. There is some disagreement as to the distance at which the body might have been seen, as the train approached. We do not think it necessary, however, to notice the testimony, particularly, as the question for our determination arises upon the charge of the court, though it may be proper tó state that, in our opinion, the verdict is sufficiently supported by the evidence.
The judge instructed the jury, that, under the before recited stipulation of the contract of hiring, “the defendant would not be responsible for the loss of the slave, unless it appeared from the evidence that his loss *519 was in consequence of the wilful misconduct, or gross negligence, of defendant’s . agents; and that the burden of the proof was upon the plaintiffs.”
This instruction is supposed, by the counsel for the plaintiff in error, to be erroneous. It was argued with great earnestness, that, admitting the loss of the slave to have been caused by the wilful misconduct, or gross negligence of the defendant’s agents in charge of the train, still, the defendant cannot be held responsible for the loss; that the contract is an absolute exemption of the company from liability for any injury to the slave, or for his loss, no matter how occasioned. We think ■differently. It might be somewhat difficult to define the exact meaning and effect of the foregoing stipulation; this, however, is not necessary, for the present determination. But there is no sort of difficulty in determining what it does not mean. It is . true the language of the instrument is very strong, but it must receive a reasonable and sensible construction. It would be most absurd to suppose, that it ■ was the intention and understanding of the parties, that the company should be protected from liability, not only against all the ordinary casualties to which the slave might be exposed in working on the road, and, also, against injuries caused by third persons in which the company had no participation, but likewise against injury or loss occasioned by the wilful wrong, or gross negligence, of the company itself, or its agents !
Such a construction of the agreement is altogether inadmissible. The stipulation is not available for the defendant, against its own wilful wrong, or culpable negligence. The charge of the court concedes to the de *520 fendant the utmost benefit that can be claimed upon any just construction of the instrument.
There is no error in the record.
Judgment affirmed.